NANCY M. HUTT RECTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Rector v. Commissioner
Docket No. 7546-76.
United States Tax Court
T.C. Memo 1978-193; 1978 Tax Ct. Memo LEXIS 319; 37 T.C.M. (CCH) 838; T.C.M. (RIA) 780193; May 30, 1978, Filed *319 Held, petitioner's tip income determined. Nancy M. Hutt Rector, pro se. Jerome Borison, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent determined a $112.00 deficiency in petitioner's 1973 Federal income tax. We must determine if petitioner underreported her 1973 tip income, and if so, by what amount. Some facts have been stipulated and are found accordingly. Petitioner, a legal resident of Occidental, California, when she filed her petition herein, timely filed her 1973 Federal income tax return with the Internal Revenue Service Center, Fresno, California. Petitioner *320 is a waitress at Negri's Restaurant in Occidental, California, a city located approximately 30 miles north of San Francisco. Negri's is one of three restaurants in Occidental, all of which cater to a family trade. The menu at Negri's is Italian and includes pasta, chicken, and veal dishes. During 1973 petitioner, a self-described above-average waitress, worked afternoon and evening shifts that varied from 4 to 8 or 9 hours. Petitioner worked a total of 666 hours at Negri's in 1973 and reported $367 in income from tips. The total gross receipts at Negri's during 1973 was $447,813; the total number of waitress hours worked at Negri's was 12,753 hours. During 1973 the Internal Revenue Service audited all three restaurants in Occidental, and after a conference with waitresses from these restaurants determined that the normal tipping rate at all three restaurants, considering the clientele, location, and food served, was approximately six percent of the customer's bill. Petitioner was not present at this conference. On her income tax return, petitioner reported $367 in tip income, which represents a tipping rate of less than two percent. Petitioner maintained no records of her *321 tip income in 1973. While undergoing audit in 1975, petitioner maintained accurate records of her tip income for the months May through August of 1975. During these months petitioner received a total of $396.49 in tips and worked 250 hours, representing a tipping rate of approximately $1.58 per hour. In 1973, petitioner reported a tipping rate of approximately $.55 per hour; respondent determined that petitioner's tip income for 1973 was earned at a rate of approximately $2.11 per hour. Petitioner worked approximately the same hours during May through August of 1975 as she worked during the same period in 1973. Although Negri's was a family-style restaurant, it frequently had banquets at which waitresses were usually undertipped, if tipped at all. Negri's also had problems with customers who would walk out without paying their bills. On occasion petitioner shared what tips she received with bus boys who did particularly good jobs. Respondent, in his notice of deficiency determined petitioner underreported her tip income by $770.21, resulting in a $112.00 deficiency. Tip income is includable in gross income under section 61. [1]Schroeder v. Commissioner,40 T.C. 30, 33 (1963). *322 Petitioner, as with all taxpayers, is required to keep accurate records from which her income could be determined. Sec. 6001; sec. 1.6001-1, Income Tax Regs. This, petitioner has failed to do. Consequently, we must attempt to determine from all the facts available to us the amount of tip income, if any, that petitioner failed to report during 1973. In making this determination, we are to bear against the petitioner for her own inexactitude and failure to keep adequate records. Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930). [2]
We have considered all the facts before us, including the custom of tipping prevalent in Occidental during 1973, the amount of tips petitioner received during a test period in 1975, the type of restaurant at which petitioner worked, petitioner's prior experience as a waitress and petitioner's credibility at trial. Based on these factors, we conclude *323 petitioner underreported her 1973 tip income by $685.00. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. See also Solensky v. Commissioner,T.C. Memo. 1965-179; Pereos v. Commissioner,T.C. Memo. 1965-180; Stassi v. Commissioner,T.C. Memo. 1965-181↩.